**Metin ATMACA, Petitioner**

v.

**\* Alberto R. GONZALES, Attorney General of the United States, Respondent**

**(\* Substituted pursuant to Rule 43(c), Fed. R.App. P.).**

**No. 04–2045.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 17, 2005.

Decided Oct. 31, 2005.

Melvin R. Solomon, Parsekian & Solomon, Hackensack, NJ, for Petitioner.

Linda S. Wernery, William C. Peachey, United States Department of Justice Office of Immigration Litigation, Washington, DC, Cynthia E. Messersmith, Department of Justice Tax Division, Dallas, TX, for Respondent.

Before SCIRICA, Chief Judge, VAN ANTWERPEN and COWEN, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Petitioner Metin Atmaca seeks review of a final removal order of the Board of Immigration Appeal, which affirms the decision of the Immigration Judge to deny Atmaca's application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction to review the Board's order under 8 U.S.C. § 1252. We will affirm.

### I.

Atmaca is a native and citizen of Turkey. He was born in 1976 to a Kurdish family, which he contends actively promotes Kurdish rights. Atmaca alleges he and his family have been subjected to threats, interrogation, harassment, and arrests in Turkey on account of their Kurdish nationality and political participation. He testified he participated in a number of pro-Kurdish political organizations in Turkey and is still active in at least one organization here in the United States.

Atmaca lawfully entered the United States under an F–1 student visa on August 7, 1999. On July 20, 2001, Atmaca applied for asylum, withholding of removal, and protection under the Convention Against Torture. In his application and accompanying affidavit, Atmaca conceded he originally planned to return to Turkey after completing his education in the United States. Because the situation in Turkey had worsened for the Kurdish people and his family, he asserted that he could not return as planned. According to At-

maca, he and his family suffered numerous abuses at the hands of the Turkish government, both financial and physical. Atmaca admitted he was not subjected to torture during his time in Turkey, although contending his father, brother, and uncles were. Atmaca related an experience in 1998 where he was detained and beaten for his alleged role in the organization of a Kurdish–Islamic student group.

The Immigration and Naturalization Service [1] denied Atmaca's application and placed him in removal proceedings for failure to maintain his F–1 status. On October 2, 2002, a hearing was held before an IJ on the merits of Atmaca's second application for asylum, withholding of removal, and relief under the Convention Against Torture. At this hearing, Atmaca testified as the only witness and related several incidents of physical and sexual abuse that were not noted in his application.

The IJ denied Atmaca's application on October 2, 2002. Atmaca appealed to the Board, which affirmed, without opinion.

### II.

Where the Board affirms the IJ's decision without opinion, we review the order of the IJ. *Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir.2002). We review factual findings, including credibility determinations, under a substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Tarrawally v. Ashcroft,* 338 F.3d 180, 184 (3d Cir.2003). Findings of past persecution and an applicant's "well-founded fear of persecution" are also subject to substantial evidence review. *Gao,* 299 F.3d at 272.

Under the substantial evidence standard, findings are upheld if a reasonable fact finder could reach a similar conclusion based on the record. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We will only reverse if the IJ's findings are unsupported by the record or based on mere conjecture. *Gao,* 299 F.3d at 272.

### III.

■ The IJ denied Atmaca's application for asylum on the ground that it was untimely. Absent extraordinary or changed circumstances, an asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B), (D). Atmaca admits that he filed his asylum application more than one year after he entered the United States on his F–1 visa, but he asserts that the situation in Turkey has become so dangerous since his arrival, it is no longer safe to return.

We lack jurisdiction to review an IJ's order that the one-year period was not tolled by changed circumstances. 8 U.S.C. § 1158(a)(3); *Tarrawally,* 338 F.3d at 185. Here, the IJ rejected Atmaca's assertion of changed circumstances and found his petition untimely. We are precluded from reviewing this decision.

### IV.

■ To establish eligibility for withholding of removal, an applicant must demonstrate by a "clear probability" that his life or freedom would be threatened in the proposed country of deportation. 8 U.S.C. § 1231(b)(3)(A). Similarly, an applicant for protection under the Convention

---

1. The INS has since been abolished, and its asylum functions are now performed by the Bureau of Citizenship and Immigration Services. *See Knapik v. Ashcroft,* 384 F.3d 84, 86 n. 2 (3d Cir.2004) (citing Homeland Security Act of 2002, Pub.L. No. 107–296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

Against Torture must demonstrate "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."[2] 8 C.F.R. § 208.16(c)(2). "Torture" is defined as the governmental imposition of "severe pain and suffering" for purposes such as intimidation, obtaining information, punishment, or discrimination. 8 C.F.R. § 1208.18(a)(1). Under either claim for relief, applicants have the burden of supporting their applications through credible testimony. *See Dia v. Ashcroft*, 353 F.3d 228, 233–34, 247 (3d Cir.2003); *Mulanga v. Ashcroft*, 349 F.3d 123, 133 (3d Cir.2003).

Here, the IJ denied Atmaca's application for withholding of removal and protection under the Convention Against Torture in part because he found Atmaca lacked credibility. The IJ did not credit Atmaca's testimony, citing discrepancies between the testimony and his application. Although Atmaca originally claimed to have suffered one beating and no torture while in Turkey, he later testified to numerous instances of physical and sexual abuse. The IJ also found Atmaca's testimony to be vague, incoherent, and dismissive.

Additionally, the IJ noted the lack of evidence corroborating Atmaca's testimony. Atmaca testified that he currently lives with one of his brothers and keeps in regular contact with members of the Nurcu Islamic group in Pennsylvania. Despite the availability of their testimony, Atmaca failed to procure these witnesses for his hearing. The IJ noted Atmaca's stated intent to return to Turkey at the time of his arrival in the United States, despite the numerous abuses he allegedly experienced there. Considering the evidence as a whole, the IJ concluded Atmaca's account lacked credibility.

The adverse credibility finding is supported by the record. The discrepancies between Atmaca's testimony and application go to the "heart of [his] asylum claim." *See Gao*, 299 F.3d at 272. Atmaca furnished a Department of State Report, which states that Kurds who assert their Kurdish identity "risk public censure, harassment, or prosecution." App. at 173. However, this Report does not provide sufficient support for Atmaca's claims of torture and threats to his life or freedom so as to "compel" a favorable credibility finding. *See Elias–Zacarias*, 502 U.S. at 481 n. 1 ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it...").

Based on the IJ's statement that he had "a certain amount of suspiciousness" with Atmaca's case because of the INS's previous denial of Atmaca's application, Atmaca contends the IJ was not impartial. However, the IJ's decision is amply supported by the inconsistencies in Atmaca's statements as well as the lack of corroborating evidence. In sum, the record supports a finding of adverse credibility, as well as the IJ's decision to deny withholding of removal and relief under the Convention Against Torture. Because substantial evidence supports the IJ's findings, they will not be disturbed on review. *See Gao*, 299 F.3d at 272.

## V.

Atmaca also challenges the Board's decision to summarily affirm the IJ's removal order without opinion. We resolved this issue in *Dia v. Ashcroft*, where we held neither the INA nor the Constitution requires the Board to issue a fully reasoned

**2.** Because we affirm the IJ's decision to deny relief under the Convention Against Torture based on the record, we need not address

Respondent's argument that Atmaca failed to sufficiently argue this claim in his brief.

opinion. 353 F.3d at 234–45. Accordingly, Atmaca cannot prevail on this claim.

## VI.

For the foregoing reasons, we will affirm the order of the Board.